IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| EDWARD DAVILA. JR., CARMEN A. DAVILA, | § § § | |
| *Plaintiffs,* | § § | SA-22-CV-01302-DAE |
| vs. | § § | |
| LOANCARE, LLC,  NEW RESIDENTIAL MORTGAGE, LLC, DOES 1 THROUGH 100 INCLUSIVE, | § § § § | |
| *Defendants.* | § § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge David A. Ezra:**

This Report and Recommendation concerns the above-styled cause of action, which was referred to the undersigned for the limited purpose of entering a scheduling order on January 4, 2023 [#9].  The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  For the reasons set forth below, it is recommended that this case be **dismissed** for want of prosecution.

**I.  Background**

Plaintiffs Edward Davila, Jr., and Carmen A. Davila, proceeding *pro se*, originally filed this action in the District Court for Guadalupe County, Texas on November 14, 2022.  (Orig. Pet. [#1-2] at 1.)  Plaintiff's Original Petition sues Defendants LoanCare, LLC, New Residential Mortgage, LLC, and Does 1 through 100 Inclusive, et al., for violations of the Fair Debt Collection Practices Act, the Truth in Lending Act, the Real Estate Settlement Procedures Act

and its implementing regulations, and for various civil rights violations pursuant to 42 U.S.C. § 1983 and 18 U.S.C. §§ 241 and 242.

Defendants LoanCare, LLC, and New Residential Mortgage, LLC, removed the lawsuit to this Court based on federal question jurisdiction on December 5, 2022.  (Notice of Removal [#1].)  The undersigned promptly set this case for an Initial Pretrial Conference for January 9, 2023, and ordered the parties to submit a proposed scheduling order pursuant to Local Rule CV-16(c) no later than February 17, 2023 [#10].  LoanCare, LLC and New Residential Mortgage, LLC, filed a proposed scheduling order on February 17, 2023, in accordance with the Court's Order [#13].  Plaintiffs did not file a proposed scheduling order or join in Defendants' recommendations.

On February 22, 2023, the Court held an initial pretrial conference, at which Defendants appeared through counsel.  Plaintiffs failed to appear.  At the conference, Defendants informed the Court that Plaintiffs had failed to confer regarding their Rule 26 obligations; thus, the parties were unable to submit a joint Rule 26(f) report and joint proposed scheduling recommendations. Plaintiffs have therefore failed to follow the orders of this Court to confer, file their pretrial conference materials, and to appear at the conference.

As a result of this inaction on the part of Plaintiffs, the Court issued a Show Cause Order on February 23, 2023, ordering Plaintiffs to show cause for their failure to comply with this Court's orders and for failure to prosecute this case, and warning of the possible dismissal of this action under Rule 41(b).  Plaintiffs' response to the Show Cause Order was due on or before March 6, 2023.  To date, Plaintiffs have failed to respond to the Order or to take any other action in this case.

A district court may dismiss an action for failure to prosecute or to comply with any order of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988) (per curiam); Fed. R. Civ. P. 41(b). In light of Plaintiffs' failure to respond to the Court's Show Cause Order and failure to prosecute this case, the Court will recommend that Plaintiffs' Complaint be dismissed for want of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## II. Conclusion and Recommendation

Having considered the record in this case, the undersigned recommends that Plaintiffs' Complaint be **DISMISSED** for want of prosecution.

## III. Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The party shall file the objections with the Clerk of Court and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained

in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 16th day of March, 2023.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE